IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SMITH, ) | |
| No.  K57543, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00770-NJR |
| ) | |
| K. BUTLER, ) | |
| J. HECHT, ) | |
| LT. BROOKMAN, ) | |
| LORI OAKLEY, ) | |
| LT. BEST, ) | |
| SGT. WILLIS, ) | |
| BILLIE W. GREER, and ) | |
| M. HOF, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Michael Smith is an inmate currently housed at Menard Correctional Center ("Menard").  Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights in relation to the issuance of a disciplinary ticket and subsequent administrative proceedings.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint—the statement of claims, thumbnail description of each defendant's role in the relevant events, and supporting documentation—the "Orange Crush" tactical unit searched Plaintiff Smith's cell on April 2, 2014, and learned that Plaintiff had notified the John Howard Association of the conditions of his confinement and other illegal policies and practices at Menard.

On October 17, 2014, Plaintiff was interviewed by C/O Hof, an intelligence officer at Menard. Hof questioned Plaintiff about an impending assault upon a staff member. Following the interview, Plaintiff was placed on investigative status and moved to segregation. While in segregation, another intelligence unit officer interviewed Plaintiff about the "hit" and Plaintiff's knowledge of two other inmates who may have been involved. At the conclusion of the interview, Plaintiff was returned to the general population, and no disciplinary report was issued.

On November 17, 2014, C/O Hecht, another member of the intelligence unit, issued Plaintiff a disciplinary report charging Plaintiff with conspiring to assault a staff member, and related gang activity. Plaintiff contends the report was untimely, in violation of the time prescribed by department rules to charge him (D.R. 504).

Plaintiff appeared before the institutional Adjustment Committee on November 20 and pleaded not guilty. Lt. Brookman chaired the Committee; Lt. Best and C/O Hof were "active" in the hearing; and Sgt. Willis "stood present." The disciplinary report was not dismissed as untimely; rather, Plaintiff was found guilty of the offenses. No one present reported or otherwise took action when the untimely disciplinary report was allowed to proceed.

Warden Butler approved the finding of guilt and disciplinary action: one year in segregation, demotion to C-grade and commissary restrictions for one year, and restricted contact visits for six months. When Plaintiff filed a grievance regarding the untimely disciplinary report and resulting conviction, grievance officer Lori Oakley did not address the issue and/or recommend corrective action when disposing of the grievance. Administrative Review Board member Billie W. Green subsequently returned Plaintiff's grievance because it was untimely— never addressing the alleged violation of DR 504.

Plaintiff asserts that Defendants retaliated against him for his activities with the John Howard Association. He further contends that each defendant's part in allowing him to be convicted and punished based on an untimely disciplinary charge amounts to the infliction of cruel and unusual punishment. The prayer for relief includes compensatory and punitive damages, injunctive relief and a laundry list of other equitable requests.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Defendants retaliated against Plaintiff in violation of the First Amendment; and
>
> **Count 2:** Defendants subjected Plaintiff to cruel and unusual punishment, in violation of the Eighth Amendment.

## Discussion

For the reasons that follow, the Court finds that, as pleaded, the complaint fails to state a claim upon which relief can be granted. Although a colorable constitutional claim is not readily evident, the complaint will be dismissed without prejudice, and Plaintiff will be given an opportunity to file an amended complaint.

*Count 1*

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). In order to state a claim for retaliation for exercising one's rights under the First Amendment, a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006).

The John Howard Association is dedicated to prison reform (*see* Doc. 1, pp. 5, 15). The nature of Plaintiff's interaction with the Association is not known, but even assuming that it qualified as constitutionally protected activity, the retaliation claim in Count 1 is inadequately pleaded.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or

participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). According to the complaint, the "Orange Crush" tactical unit discovered that Plaintiff had made reports to the John Howard Association. There is no suggestion that the eight named defendants were members of the Orange Crush or otherwise knew about Plaintiff's interaction with the Association. Consequently, there is no apparent basis for the alleged retaliation, which occurred six months after Plaintiff's cell was searched by the Orange Crush. Count 1, therefore, will be dismissed.

### Count 2

Plaintiff's Eighth Amendment cruel and unusual punishment claim, as pleaded, rests upon the allegation that all eight defendants ignored the timeframe or deadline prescribed by D.R. 504 for bringing a disciplinary charge. Section 1983 cannot be used to challenge a violation of state law or prison rules; rather, only constitutional violations are actionable under Section 1983. *See Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003). For that reason alone, Count 2 must be dismissed.

Plaintiff may merely be attempting to attach an additional label to a single claim (his retaliation claim), in which case the Court analyzes similar claims under the most "explicit source[s] of constitutional protection." *Graham v. Connor,* 490 U.S. 386, 395 (1989); e.g., *Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir.2005) (recognizing that a claim "gains nothing by attracting additional constitutional labels"). Or, Plaintiff may have intended something entirely different—which he can allege in an amended complaint, if he so chooses.

The notion that Plaintiff, who is proceeding *pro se*, may have intended a Fourteenth Amendment due process claim has been entertained and rejected. In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the

claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.  *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *Wolff v. McDonnell,* 418 U.S. 539 (1974).  The complaint, however does not appear to support such a claim.  Again, Plaintiff may file an amended complaint if he intended such a claim.

### Motion for Counsel

Plaintiff's failed complaint and his motion for recruitment of counsel (Doc. 4) beg the question, Can Plaintiff proceed *pro se*?  *See Childress v. Walker*, 787 F.3d 433, 442- 43 (7th Cir. 2015) (the district court must determine whether the "guiding hand of counsel" is necessary).

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering,

preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is pending and will be decided by separate order. But Plaintiff's prison trust fund account statement (Doc. 3) indicates he has $480.58 on account, which is insufficient to secure representation. In fact, Plaintiff has attempted to retain representation, to no avail.

With only a high school education, some vocational training, no legal expertise, and limited access to the prison law library, Plaintiff contends he cannot proceed *pro se*. He also notes that he uses multiple inhalers for asthma, but does not otherwise indicate that his abilities are impaired.

The complaint clearly and concisely relayed the factual basis of the complaint, asserted two specific constitutional claims, and included relevant documentation. Plaintiff is housed at the facility where the principal events occurred, and he appears to have all of the documents underlying his claims. Although the complaint is being dismissed, there is reason to believe that the problem is that there is not a viable constitutional claim to be stated, rather than that Plaintiff has failed to recognize or adequately articulate a colorable claim. Thus, recruitment of counsel does not, at this juncture, appear warranted. Plaintiff's motion (Doc. 4) will be denied without prejudice to refiling at some point in the future.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **September 11, 2015**, Plaintiff shall file an amended complaint. Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action with prejudice, and Plaintiff will be assessed a "strike" for purposes of 28 U.S.C. § 1915(g). Any amended complaint that is filed will undergo preliminary review pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 4) is **DENIED without prejudice**.

Plaintiff is **ADVISED** that, despite the dismissal of the complaint, he remains liable for the filing fee. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff's motion for leave to proceed as a pauper (Doc. 2) will be decided by separate order.

**IT IS SO ORDERED.**

**DATED:** August 11, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**