IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-770-NJR-DGW |
| ) | |
| KIMBERLY BUTLER, JEANETTE HECHT,) | |
| KENT BROOKMAN, LORI OAKLEY, and) | |
| BILLIE W. GREER, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Rehearing of Pavey Evidentiary Hearing (Doc. 57), the Motion for Recruitment of Counsel (Doc. 60), and the Motion to Supplement (Doc. 63) filed by Plaintiff.  The Motion for Rehearing is **DENIED**, the Motion for Recruitment of Counsel is **GRANTED IN PART** as to the requested extension of time and **DENIED WITHOUT PREJUDICE IN PART** as to all other requests, and the Motion to Supplement is **GRANTED IN PART** as to the filing of exhibits and **DENIED IN PART** as to all other requests.

On September 19, 2016, this Court held an evidentiary hearing on the issue of whether Plaintiff exhausted his administrative remedies with respect to Count 1 alleging that he was retaliated against for exercising his constitutional rights.  Plaintiff claims that he was not given a full opportunity to present his arguments at the hearing.  Whether to conduct an evidentiary hearing, the manner in which it proceeds, and what evidence to consider is within the discretion of the Court.  *See e.g. Wagoner v. Lemmon*, 778 F.3d 586 (7th Cir. 2015).  At the hearing, Plaintiff was given the opportunity to present facts to support his position that he exhausted his administrative remedies and he was given the opportunity to present argument to support such a

claim. That Plaintiff was not given as much time as he wanted or expected (Plaintiff states that he expected to be given almost 2 hours to support his position) was not prejudicial. Plaintiff spoke at length about the steps that he took to exhaust his remedies and presented some argument to the Court. The Court requires no additional information in order to issue a Report and Recommendation. Plaintiff's Motion for a Rehearing is **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has made an insufficient attempt to secure counsel without Court assistance. Plaintiff states that he contacted only one law firm, Loevy and Loevy, seeking representation.

However, even if Plaintiff had met his initial burden, counsel will not be recruited in this matter at this time. In his motion, Plaintiff states that he has a disability in his right hand that may require surgery. Plaintiff does not, however, appear to be impeded in his ability to file various documents with the Court seeking various forms of relief. Plaintiff represents that he has a high school education and it is clear that he can read and write in English. This Court has had an opportunity to observe Plaintiff at a hearing held on September 19, 2016. Plaintiff appeared competent to litigate this matter, being familiar with the events giving rise to his complaint and the law which governs his claims. He was able to articulate facts to support his claims, which are not legally complicated, and appeared competent to make legal arguments. Finally, Plaintiff requested additional time to file a motion to amend the complaint. Plaintiff is **GRANTED** until **December 23, 2016** to file a motion to amend the complaint.

In the last motion, Plaintiff seeks to supplement the record to include additional exhibits. While much of the exhibits are unreadable, the Court will consider the attached exhibit (to the extent that they are readable and relevant) in relation to Plaintiff's response to the exhaustion motion (Doc. 48). The Clerk of Court is **DIRECTED** to file the exhibits and link them to Document 48. The Motion is **DENIED** in all other respects.

**DATED: November 30, 2016**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**