IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-770-NJR-DGW |
| | ) | |
| KIMBERLY BUTLER, JEANETTE HECHT, | ) | |
| KENT BROOKMAN, LORI OAKLEY, and | ) | |
| BILLIE W. GREER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff's request for assistance in the form of recruitment of counsel and discovery (Doc. 82).

On November 30, 2016, this Court denied (without prejudice) Plaintiff's request for recruitment of counsel. In doing so, the Court noted that Plaintiff has no right to a court appointed attorney, that he had not made a reasonable attempt to secure counsel without Court assistance, and that he otherwise appeared capable of prosecuting this action without counsel (Doc. 66). A few months later, Plaintiff sought to depose 11 individuals and Defendants (Docs. 73 and 76). That motion was granted in part in that Plaintiff was informed that he could conduct depositions but that he must inform the Court what testimony he expects to elicit and that he must make all necessary payments for the depositions (Doc. 80). Plaintiff was given until May 18, 2017 to provide the information to the Court; thereafter, the Court would assist in coordinating the depositions. In response to that Order, Plaintiff filed the pending document (Doc. 82).

Plaintiff states that while he knows the name of the stenographer he wishes to use, Holly McCullough of Keefe Reporting, he would like the Court to give him a ballpark of the cost even

though he has neither the funds to pay her nor the ability to find her address. He cannot afford to serve notices and subpoenas. He asserts frequent lock downs, his placement in segregation on April 23, 2017, and choices he has to make to either attend law library or sick call, impede his ability to conduct legal research. He claims that a hand condition further prevents him from writing for an extended period of time. Thus, he claims that without Court assistance and the recruitment of counsel, he is unable to prosecute this matter.

First, the Court can no more assist Plaintiff in prosecuting his case than it could assist any other litigant who appears before the Court. Plaintiff's status as an IFP litigant affords him only the opportunity to file a civil lawsuit without prepayment of fees and the service of certain documents without fee. It does not provide Plaintiff a blank check for litigation costs. Second, Plaintiff's claim that he does not have the funds to pay for a court reporter or service of notices/subpoenas is belied by the $50.00 to $70.00 per month deposits that were regularly made to his prison trustfund account (Doc. 3). All litigants, impoverished or not, must make choices based on available funds. Even if counsel were appointed to represent Plaintiff, there is no guarantee that such an attorney would also have the cash on hand to depose 16 individuals. It should be noted that this is an optional civil lawsuit that Plaintiff initiated – he must ultimately bear the cost of this suit and his pleadings show that he has the capacity to prosecute this action (notwithstanding his claims of disability). Finally, the fact that Plaintiff is incarcerated and subject to the rules and regulations of the prison is not something that the Court can micro-manage. Plaintiff is intimately familiar with this case and has had years to conduct any necessary research.

As to the individuals Plaintiff wishes to depose and the testimony he seeks to elicit, much of the information is irrelevant to his lawsuit. Plaintiff here is alleging that he was retaliated against for writing and filing grievances and complaints to third parties and that he was denied due

process at a disciplinary hearing.  Plaintiff seeks to elicit testimony about the failure of prison staff to follow prison regulations, to show that he was otherwise a model prisoner, to show that his grievances were thrown away, to testify as to statements made by Plaintiff and others that would demonstrate that the underlying disciplinary charges were false, to testify about the substance of complaints he had made to other organizations (like the State Appellate Defenders' office and John Howard Association), and to give testimony about matters that are outside the scope of this lawsuit.  None of this information is relevant to Plaintiff's claims nor would any marginal value of this testimony justify the cost to Defendants in participating in such fishing expeditions.  *See* FED.R.CIV.P. 26(b) (requiring that discovery be proportional to the needs of the case).  This lawsuit is not a vehicle for Plaintiff to air all of his grievances and concerns about the conditions of his confinement.  Rather, this matter is limited to an act of retaliation and a single disciplinary proceeding.

Plaintiff also seeks to depose Defendants in this matter.  While certainly, such testimony would be relevant to this matter, Plaintiff still must provide the funds to conduct the deposition. Because Plaintiff has stated that he does not have the present ability to pay for the same, and counsel will not be recruited in this matter for the reasons set forth previously, delaying this matter further would be a futile endeavor.  The discovery deadline in this matter was May 12, 2017. Plaintiff had the opportunity to conduct discovery in this matter and has responded to the motion for summary judgment.  In doing so, Plaintiff has not invoked Federal Rule of Civil Procedure 56(d) and shown that he "cannot present facts essential to justify its opposition" with the necessary affidavit.  Delaying this matter any further for an indefinite time period would be tax on the Court's limited resources and would unnecessarily delay these proceedings.

Plaintiff's request to conduct depositions paid for by the Court is **DENIED** and his

additional request for recruitment of counsel is **DENIED**.

**DATED: October 31, 2017**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**