IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:15-cv-770-DGW |
| KIMBERLY BUTLER and KENT BROOKMAN, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Plaintiff is proceeding on two counts: In Count 1, he claims that Defendant Butler retaliated against him by placing him in an undesirable cell after he made verbal complaints in the Fall of 2014; and, in Count 2, he alleges that his due process rights were violated by Defendant Brookman in relation to a November 20, 2014 disciplinary hearing (Doc. 99). Once summary judgment was decided, counsel was recruited for Plaintiff (Doc. 105). Plaintiff was subsequently permitted to depose Defendants (Doc. 127). Plaintiff also requested information on confidential informants whose information was used to support the ticket that led to the disciplinary action contained in Count 2 (*See* Docs. 130, 131). That issue, however, was not decided because the parties subsequently informed the Court that the matter had settled (Doc. 140).

After that notification, there was a dispute between Plaintiff's counsel and Plaintiff on the exact terms of the settlement agreement and counsel was permitted to withdraw (Doc. 142, 148). Thereafter, Plaintiff, now proceeding *pro se*, objected to dismissal of this action and sought, in part, a trial setting (Doc. 150). That motion was granted in part and this matter was set for trial to occur on December 3, 2018 (Docs. 152, 153).

Plaintiff now seeks recruitment of counsel (Doc. 154). The Motion is **DENIED**. Plaintiff has no constitutional nor statutory right to another Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). The record reveals that Plaintiff is capable of representing himself as demonstrated by his many filing in this matter including his response to the motion for summary judgment (Doc. 92). This matter is neither complicated nor will require a lengthy trial.

The only remaining motions are those that were terminated in light of settlement (Docs. 130, 135, 136, and 137). As to Defendants' Motion to Exclude Information (Doc. 130), the motion is hereby **GRANTED**. Plaintiff seeks the identity of the persons who provided information that was used to issue the disciplinary ticket that is related to Count 2. Plaintiff argues that these confidential informants may in fact be fabricated and merely created to justify Plaintiff's conviction on the ticket. While the existence of such individuals may be tangentially relevant to that claim, permitting such discovery would be inconsistent with Federal Rule of Civil Procedure 26(b). Discovery has long since closed and this matter is set for trial. Permitting such discovery, which presumably will require, at minimum, in camera inspection of security files and potential written discovery and depositions, are not proportional to the needs of this case. Such information implicates security concerns and, given the issues at stake and the burden and expense of providing the discovery, the proposed discovery does not outweigh the likely benefit. Such

discovery can only delay this matter further. However, the parties may raise the relevance and admissibility of such evidence at trial.

The Clerk of Court is **DIRECTED** to reinstate the Motions in Limine (Docs. 135, 136, and 137) as pending. The motions will be determined at the Final Pretrial Conference.

Due to a conflict on the Court's calendar, the Jury Trial is continued to **December 4, 2018 at 1:00 p.m.** This matter is **SET** for a final pretrial conference on **November 26, 2018 at 1:00 p.m.** The parties shall submit a joint proposed final pretrial order (that Defendants shall prepare) by **November 19, 2018**. If there is no agreement, the parties shall submit individual proposed final pretrial orders by **November 19, 2018**. Proposed jury instructions are due the first day of trial.

**DATED: October 23, 2018**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**